IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GWENDOLYN J. HARRIS | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:07-cv-926-MHT |
| | ) |
| EMBASSY SUITES HOTEL, | ) |
| | ) |
|    Defendants. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3, filed October 17, 2007).  By Order filed October 23, 2007, the Magistrate Judge granted permission for this *pro se* plaintiff, Gwendolyn Harris, to proceed *in forma pauperis*, but stayed further proceedings on her Complaint filed October 15, 2007 because it is evident the Complaint suffers from insurmountable deficiencies which warrant dismissal. (Doc. 1). It is the recommendation of the Magistrate Judge the District Court dismiss the action, without any opportunity for amendment and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## I. PARTIES

Plaintiff, Gwendolyn Harris ("Harris" or "Plaintiff"), is a resident of Montgomery, Alabama, within the Middle District of Alabama.

Embassy Suites Hotel ("Embassy Suites" or "Defendant") is a hotel located in Montgomery, Alabama, within the Middle District of Alabama.

## II. COMPLAINT

On October 15, 2007, Plaintiff filed a Complaint - neither sworn nor notarized - where she states her legal claim as follows:[2]

> I was sitting down in a chair in the hotel near the bathroom. I had intended to leave at 2:15 and use the bathroom. But workers named Judy and Edward showed up. She asked me was I a resident? I said no, she said I would have to leave the hotel. I said ok but, I have to use the bathroom before I leave. She said I couldn't use the bathroom I would have to leave. My urine was very near. So she asked one of the workers named Edward to escort me out the door. I have been in that Hotel before to use either the public phone or restrooms and no one never treated me like this before. I am asking $5 million due to embarrassment and unnecessary treatment of a citizen of the City of Montgomery.

*See* Doc. 1 at ¶¶ 5-6. The inartful complaint leads the court to believe Plaintiff asserts a claim under 42 U.S.C. § 1983 for damages and miscellaneous relief.

## III. DISCUSSION

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient

---

[2] Plaintiff's claims are recited verbatim including spelling and typographical errors.

pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted). A two-step procedure should be used when processing a complaint filed pursuant to 28 U.S.C. § 1915. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). First, the district court should determine "whether the plaintiff is unable to prepay costs and fees and therefore a pauper under the statute." *Id*. (citing 28 U.S.C. § 1915(a)). Second, once leave has been granted, the court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *Id*.; *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992) (dismissal of claims when "clearly baseless"); *Procup*, 760 F.2d at 1114 (complaint may be dismissed prior to service of process). Thus, the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir.

1981).³

The complaint filed by Harris satisfies the economic eligibility criteria of § 1915(a)(1), and therefore may be filed without prepayment of fees. However, the court is of the view that the complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) - (ii). Even under the liberal pleading requirements set forth in the Federal Rules of Civil Procedure, Harris does not articulate a cognizable claim for which a court may grant relief. Harris' claims against Embassy Suites are based on what she characterizes as embarrassment and unnecessary treatment toward her. Necessarily viewing Plaintiff's allegations as true, Plaintiff fails to demonstrate a claim which entitles her to any relief.

To obtain relief under § 1983, Plaintiff must show she was deprived of a federal right by a person acting under color of state law. *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). The Supreme Court has reiterated this requires *both* an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," *and* that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id*. (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999)) (emphasis in original). The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private

---

³ *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003); *see also Weaver v. James Bonding Co., Inc.*, 442 F.Supp.2d 1219, 1223 (S.D. Ala. 2006) (citing *Pinellas*). Further, "only in rare circumstances can a private party be viewed as a "state actor" for § 1983 purposes." *Weaver*, 442 F.Supp.2d at 1223 (citations omitted).

For a private entity such as Embassy Suites to qualify as a "state actor" under § 1983, one of the three tests must be satisfied:

(1) "State Compulsion Test" wherein the state has coerced or significantly encouraged the violative conduct;

(2) "Public Function Test" wherein private parties perform a public function that is traditionally the exclusive prerogative of the state; and

(3) "Nexus/Joint Action Test" wherein the state has insinuated itself into a position of interdependence with the private party, such that the state and private party are essentially joint participants in an enterprise.

*Weaver*, 442 F.Supp.2d at 1223 (citing *Rayburn*, 241 F.3d at 1347 and *Green v. Abony Bail Bond*, 316 F.Supp.2d 1254, 1259-60 (M.D. Fla. 2004)). The application of these three tests patently establish Embassy Suites was not a state actor.

Under the "State Compulsion Test," there is absolutely no evidence any government official of any kind did anything to coerce or encourage Embassy Suites to remove Harris from the hotel property. The "public function analysis is a stringent test requiring a showing that private actors have been given powers or are performing functions that are 'traditionally

the exclusive prerogative of the State." *Weaver*, 442 F.Supp.2d at 1224 (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1131 (11th Cir. 1992)). A private entity removing an individual from its property is certainly not the exclusive prerogative of the State of Alabama. As such, the Public Function Test is not met. Finally, to satisfy the Nexus/Joint Action Test, "the governmental body and private party must be intertwined in a 'symbiotic relationship.'" *Rayburn*, 241 F.3d at 1348 (citations omitted). Again, there is absolutely no evidence a government body played any part in the actions by Embassy Suites. The facts as pled by Harris unambiguously establish Embassy Suites performed a private function arising out of an incident with Harris while she was on its property, and Embassy Suites acted completely independently in its self-interest to escort Harris from the property. Thus, Embassy Suites was not a state actor and Harris has no claim under § 1983. As such, Plaintiff's claims are due dismissal before service on the Defendant under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) The action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as a private entity is not subject to liability under 42 U.S.C. § 1983.

(2) The case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **November 5, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 23rd day of October, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE